IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 06 146 T |
| | ) | |
| vs. | ) | Cr. No. ________ |
| | ) | In violation of 42 U.S.C. § |
| BERKELEY TRANSPORTATION | ) | 6928(d)(1) |
| COMPANY, INC. | ) | |

INFORMATION

The United States Attorney Charges that:

INTRODUCTION

At all times material to this Information:

1. The defendant BERKELEY TRANSPORTATION COMPANY, INC. ("BERKELEY TRANSPORTATION") was and continues to be a corporation established under the laws of the State of Rhode Island, engaged in the business of providing freight transportation services.

2. BERKELEY TRANSPORTATION is the successor in interest to Dean Transportation Company, Inc. On June 25, 2004, the name of Dean Transportation Company, Inc., was amended to BERKELEY TRANSPORTATION COMPANY, INC., with the Rhode Island Office of the Secretary of State. Bradford A. Dean is the President of BERKELEY TRANSPORTATION COMPANY, INC., and was an officer of Dean Transportation Company, Inc.

3. Amaral Street Associates, Inc., was a corporation established under the laws of the State of Rhode Island, engaged in the business of acquiring, improving, owning, and managing real estate located at 155 Amaral Street, East Providence, Rhode Island. Bradford A. Dean was also a partner and officer of

Amaral Street Associates, Inc.

4. In September 2004, Amaral Street Associates sold the property located at 155 Amaral Street, East Providence, Rhode Island. Prior to transferring ownership, Amaral Street Associates engaged the services of BERKELEY TRANSPORTATION tractor trailers and personnel to remove waste that had been stored at 155 Amaral Street, and to clean the property.

5. The Federal Resource Conservation and Recovery Act ("RCRA"), Title 42 U.S.C. § 6901 et. seq., and its accompanying regulations, governed the manner in which hazardous waste of the type that was stored and removed from 155 Amaral Street, East Providence, Rhode Island, was supposed to be stored, transported, and disposed of, and, among other things, prohibited the transportation of hazardous waste to an unpermitted facility

6. Section 6926 of RCRA, 42 U.S.C. § 6926, contained a mechanism for states to seek authorization from the EPA to administer a hazardous waste program within the state. Once a state receives authorization pursuant to section 6926 of RCRA, then the state regulations apply in lieu of federal regulations. The State of Rhode Island was authorized to carry out the hazardous waste program. The State of Rhode Island's regulations contained requirements which were co-extensive with the federal requirements. See State of Rhode Island Hazardous Waste Regulations ("RIHWR").

COUNT ONE

7. Paragraphs 1-6 above are incorporated herein.

8. On or about September 9, 2004, in the District of Rhode Island, defendant BERKELEY TRANSPORTATION knowingly transported and caused to be transported hazardous waste from 155 Amaral Street, East Providence, Rhode Island, to an unpermitted facility, to wit a C-Line Trucking depot located at 340 Jefferson Boulevard, Warwick, Rhode Island, in violation of 42 U.S.C. § 6928(d)(1).

COUNT TWO

9. Paragraphs 1-6 above are incorporated herein.

10. On or about September 13, 2004, in the District of Rhode Island, defendant BERKELEY TRANSPORTATION knowingly transported and caused to be transported hazardous waste from 155 Amaral Street, East Providence, Rhode Island, to an unpermitted facility, to wit a C-Line Transportation depot located at 340 Jefferson Boulevard, Warwick, Rhode Island, in violation of 42 U.S.C. § 6928(d)(1).

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

ADI GOLDSTEIN
Assistant U.S. Attorney

LUIS M. MATOS / GBS
Chief of the Criminal Division

Dated: December 27, 2006