**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **CR** 06  146 $\top$ |
| vs. | ) | Cr. No. _____ |
| | ) | In violation of 42 U.S.C. § |
| BERKELEY TRANSPORTATION | ) | 6928(d)(1) |
| COMPANY, INC. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, BERKELEY TRANSPORTATION COMPANY, INC. (hereinafter "BERKELEY TRANSPORTATION" or "Defendant") have reached the following agreement:

1.   Defendant will plead guilty to the Information which charges the Defendant with two counts of knowingly transporting and causing to be transported hazardous waste to an unpermitted facility, in violation of 42 U.S.C. § 6928(d)(1).

2.   In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a fine in the amount of $80,000, payable to the Clerk of Court at the time of sentencing. Defendant agrees not to seek a lower fine amount from the Court. Defendant understands that should Defendant move for a lower fine amount, the Government is free to ask for any fine up to the maximum allowable by law.

b. Defendant understands that in recommending this fine, the Government is taking into account that the Defendant has offered to pay $35,000.00 to the Rhode Island Department of Environmental

Management, Environmental Response Fund, pursuant to Title 23 of the Rhode Island General Laws Section 19.1-23, by the time of sentencing.

c.  Defendant understands that, in entering into this plea agreement, the United States has relied on Defendant's offer to contribute funds to the Rhode Island Environmental Response Fund. Defendant understands that if defendant fails to complete the referenced donation by the time of sentencing, the Government may void all or part of this agreement, and defendant would not be permitted to withdraw its plea of guilty.  Defendant also agrees not to claim for income tax return purposes that the expenditures toward the Environmental Response Fund are deductible expenses or otherwise offset its income tax liability.

d.  The Government will recommend that the Court impose a term of supervised release of three years, on Counts I and II concurrently.    Defendant  agrees  that  it  will  establish  an environmental compliance program and present evidence of this compliance program to the United States Probation Office and the United States within 60 days after sentencing.  Such a program shall include, but is not limited to, hiring an independent auditor or consultant to perform annual reviews of the defendant's compliance with state and local environmental regulations and submission of those reviews to the United States Probation Office for the District of Rhode Island, during whatever term of

2

supervised release is imposed by the Court.  Defendant agrees to correct any noted deficiencies and violations of any environmental regulations noted by the United States Probation Office and/or the independent outside consultant.

3.     The maximum statutory penalties for the offense(s) to which Defendant is pleading guilty are as follows:

COUNT I

a.   5 years imprisonment;

b.   a fine of up to $50,000, twice the amount of the gain or loss from the offense, or up to $500,000, whichever is greater;

c.   a term of supervised release of up to 3 years; and

d.   a mandatory special assessment of $400.00.

COUNT II

a.   5 years imprisonment;

b.   a fine of up to $50,000, twice the amount of the gain or loss from the offense, or up to $500,000, whichever is greater;

c.   a term of supervised release of up to 3 years; and

d.   a mandatory special assessment of $400.00.

Accordingly, defendant faces up to 10 years imprisonment, a total maximum fine of $100,000, twice the gain or loss from the offense, or $1,000,000 (whichever is greater), a term of supervised release of up to six years, and $800 mandatory special assessment.

3

4.   Defendant agrees that, after defendant and counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the fine and of the special assessment.

5.   Defendant understands that defendant has the following rights:

   a.   to be represented by an attorney at every stage of the proceedings against it;

   b.   to persist in a plea of not guilty;

   c.   to be tried by a jury;

   d.   to have counsel assist at trial;

   e.   to confront and cross-examine witnesses; and,

   f.   to call witnesses on its own behalf.

Defendant further understands that, by pleading guilty, defendant gives up the right to a trial.

6.   Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has

4

the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

7.   The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

8   Except for paragraph 2 above, the parties have made no agreement concerning the application of the guidelines in this case.

9.   Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed.  The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations.  The defendant understands that the

5

United States Sentencing Guidelines are advisory and that, while the court must consult the guidelines, the Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

10. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within or below the guidelines range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

11. This agreement is binding on the government only if Defendant pleads guilty, fulfills all its obligations under the agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw its guilty plea.

6

12.   This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

13.   This agreement constitutes the entire agreement between the parties.   No other promises or inducements have been made concerning the plea in this case.   Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement.   Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

14.   Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement and accepts its terms.

15.   Defendant states that it has read the agreement or has had the agreement read to it, has discussed it with counsel, understands it, and agrees to its provisions.

16.  Defendant states that Bradford A. Dean is President of
BERKELEY TRANSPORTATION COMPANY, INC., and that Mr. Dean is fully
authorized to enter into this agreement on behalf of Defendant.


BRADFORD A. DEAN                          12·22·06
PRESIDENT,                                _____
BERKELEY TRANSPORTATION COMPANY, INC.     Date
Defendant


JAMES W. RYAN, ESQ.                       12·22·06
Counsel for Defendant                     _____
                                          Date


ADI GOLDSTEIN                             12-27·2006
Assistant U.S. Attorney                   _____
                                          Date


LUIS M. MATOS    CoBS                      December 27, 2006
Criminal Division Chief                    _____
                                           Date


8